NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

AUG 2 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

AUDREY HEREDIA, as successor-in-interest to the Estate of Carlos Heredia; et al.,

Plaintiffs-Appellees,

v.

SUNRISE SENIOR LIVING, LLC;
SUNRISE SENIOR LIVING
MANAGEMENT, INC.,

Defendants-Appellants.

No.   22-55332

D.C. No.
8:18-cv-01974-JLS-JDE

MEMORANDUM[*]

Appeal from the United States District Court
for the Central District of California
Josephine L. Staton, District Judge, Presiding

Argued and Submitted July 11, 2023
Pasadena, California

Before:  SANCHEZ and MENDOZA, Circuit Judges, and DONATO,[**] District Judge.

Defendant-appellants Sunrise Senior Living LLC and Sunrise Senior Living

Management, Inc. (Sunrise) appeal from the district court's order denying

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable James Donato, United States District Judge for the Northern District of California, sitting by designation.

Sunrise's motions to strike expert testimony and certifying a class of Sunrise residents to pursue claims under California's (i) Consumers Legal Remedies Act (CLRA), (ii) Unfair Competition Law (UCL), and (iii) elder financial abuse statute. We have jurisdiction under 28 U.S.C. § 1292(e) and Federal Rule of Civil Procedure 23(f), and review the district court's rulings for an abuse of discretion. *See Elosu v. Middlefork Ranch Inc.*, 26 F.4th 1017, 1023 (9th Cir. 2022); *Senne v. Kansas City Royals Baseball Corp.*, 934 F.3d 918, 926 (9th Cir. 2019). We affirm.

We find no abuse of discretion in the denials of the motions to strike the declarations of plaintiffs' experts. Plaintiffs adduced evidence that care manager target hours generally correspond to the actual care delivered to residents, and the district court correctly concluded that Sunrise's contrary interpretations of the evidence were not grounds to exclude the expert declarations. *See Elosu*, 26 F.4th at 1026.

The record supports the district court's finding that Dr. Cristina Flores, plaintiffs' staffing expert, relied on peer-reviewed literature, her own task time studies, and her experience in the field of assisted living care to estimate the time required to provide services to residents. The district court was well within its discretion to find that Dr. Flores's opinions were supported by a reliable foundation, and it correctly concluded that Sunrise's criticisms spoke to weight rather than admissibility. *See City of Pomona v. SQM N. Am. Corp.*, 750 F.3d

1036, 1044 (9th Cir. 2014) (a district court is not required to "exclude opinions merely because they are impeachable") (internal quotation marks omitted).

The district court did not abuse its discretion in rejecting Sunrise's contention that the methodology proposed by plaintiffs' damages expert, Dr. Patrick Kennedy, was unreliable because it might award damages to uninjured class members. A possible need for individualized damages calculations does not render a damages methodology unreliable and does not defeat class action treatment. *See Leyva v. Medline Indus.*, 716 F.3d 510, 514 (9th Cir. 2013).

The district court did not abuse its discretion in finding that the opinions of plaintiffs' systems engineering expert, Dale Schroyer, were reliable and relevant. Sunrise contends that Schroyer's declarations should have been struck as not timely disclosed. But Sunrise demonstrates no prejudice from the timing of disclosure, and "formalistic evidentiary objections" are not a basis to exclude evidence offered in support of class certification. *Sali v. Corona Reg'l Med. Ctr.*, 909 F.3d 996, 1006 (9th Cir. 2018).

The district court appropriately considered the "persuasiveness of the evidence" to determine that the expert declarations were sufficient to serve as common proof of understaffing and classwide damages. *See Ellis v. Costco Wholesale Corp.*, 657 F.3d 970, 982 (9th Cir. 2011).

With respect to Rule 23(b)(3)'s predominance requirement, the district court did not impermissibly rely on a "risk of harm" theory of classwide injury to gloss over Article III standing. *See TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2210–11 (2021); *Olean Wholesale Grocery Coop., Inc. v. Bumble Bee Foods LLC*, 31 F.4th 651, 668-69 & n.12 (9th Cir. 2022) (en banc). The district court reasonably determined that plaintiffs alleged a cognizable economic injury in the form of an overpayment. *See, e.g.*, *Mazza v. Am. Honda Motor Co.*, 666 F.3d 581, 595 (9th Cir. 2012); *In re Evenflo Co., Inc., Mktg., Sales Pracs. & Prods. Liab. Litig.*, 54 F.4th 28, 35 (1st Cir. 2022). Plaintiffs adduced sound evidence to show that they can prove injury on a classwide basis, and that common questions will predominate with respect to the standing issues in this case.

Sunrise contends that the predominance requirement was not satisfied because there is a need for individualized inquiries into what class members were told about Sunrise staffing and whether class members relied on any of Sunrise's alleged misrepresentations. The district court reasonably determined that all class members were exposed to substantially similar, material representations about Sunrise staffing through their residency agreements, and thus, plaintiffs could invoke a rebuttable inference of classwide reliance under California law. *See Stearns v. Ticketmaster Corp.*, 655 F.3d 1013, 1020, 1022 (9th Cir. 2011),

4

*abrogated on other grounds by Comcast Corp. v. Behrend*, 569 U.S. 27 (2013);

*Pulaski & Middleman, LLC v. Google, Inc.*, 802 F.3d 979, 985–86 (9th Cir. 2015).

Predominance was also demonstrated for the elder financial abuse claim. Sunrise contends that the district court erred in disregarding evidence that, in some situations, family members may have paid for the care provided to residents. But the class certified by the district court consists of Sunrise *residents* who "contracted with and paid money to [Sunrise] pursuant to a Residency Agreement." If future circumstances indicate that the ownership of the funds used by residents must be evaluated on an individual basis, the district court can revisit certification with respect to the elder financial abuse claim. *See Patel v. Facebook, Inc.*, 932 F.3d 1264, 1276 (9th Cir. 2019).

With respect to Sunrise's argument that damages cannot be measured on a classwide basis, the fees paid by each resident are ascertainable from Sunrise's business records. Dr. Kennedy opined that facility-wide staffing shortfall percentages can be used to estimate the value of the services that class members received and the discounted service level fees they would have paid had they known of the actual staffing policies. The district court did not abuse its discretion in finding that this model provided a reasonable "approximation" of the value of the services received by Sunrise residents, *Pulaski*, 802 F.3d at 989, and that plaintiffs had shown that "damages can be determined without excessive difficulty

and attributed to their theory of liability," *Just Film, Inc. v. Buono*, 847 F.3d 1108, 1121 (9th Cir. 2017).

Dr. Kennedy's model is sufficiently tied to the theory of injury to satisfy the standard set out in *Comcast*, 569 U.S. at 34-35. Plaintiffs demonstrated a "nexus" between their legal theory and facility-wide staffing shortfall percentages because they have shown that the service level fees that residents agreed to pay correlate with the level of staffing they expected to receive. *See Nguyen v. Nissan N. Am., Inc.*, 932 F.3d 811, 821 (9th Cir. 2019). The district court did not abuse its discretion in finding that staffing shortfall percentages are a reasonable "proxy" for the discount to the price consumers would have been willing to pay at the outset had they known of the allegedly defective staffing policy. *Id*.

**AFFIRMED**.